UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKEY JEFFERSON, 2ND, | ) | CIVIL ACTION NO. 3:19-cv-1390 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| STEVEN BURTON, | ) | |
| Defendant | ) | |

ORDER

I.   INTRODUCTION

On August 12, 2019, Plaintiff Rickey Jefferson, 2nd ("Plaintiff") initiated this *pro se* Complaint, alleging a violation of his constitutional rights. (Doc. 1). In his Complaint, Plaintiff names the following Defendant: Steven Burton ("Defendant"). *Id.*

Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 11). Because he is proceeding *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike"). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here

is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

After reviewing Plaintiff's Complaint, I conclude that it fails to state a claim upon which relief may be granted. Although Plaintiff's Complaint, as written, would typically be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I will grant Plaintiff one opportunity to cure the deficiencies noted herein before making a recommendation to the District Court.

II. LEGAL STANDARD FOR REVIEWING COMPLAINTS FILED BY PRO SE PLAINTIFFS PROCEEDING IN FORMA PAUPERIS

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)

(*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation. The complaint must set forth in a "short and plain" statement a cause of action.

III. ANALYSIS

Plaintiff utilized a pre-printed form to write his Complaint. Regarding his claim under 42 U.S.C. § 1983, Plaintiff wrote:

> Cruel and unusual punishment and deliberate indifference and violation of the EMTALA Act.

(Doc. 1, p. 3).

I construe this as a civil claim for violations of (1)18 U.S.C. § 1983 of the Civil Rights Act of 1871; and (2) 42 U.S.C. §1395dd(d)(2) of the Emergency Medical Treatment and Active Labor Act ("EMTALA") statute.

A. SECTION 1983 CLAIM

For a claim arising under 42 U.S.C. §1983:

> [T]he basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

> deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Schneyder v. Smith*, 653 F.3d 313 (3d. Cir. 2011)(citing *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.1993); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

"Section 1983 subjects to liability those who deprive persons of federal constitutional or statutory rights 'under color of any statute, ordinance, regulation, custom, or usage' of a state." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir.2005) (citation omitted).

> In *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009), the Third Circuit outlined "three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'

*Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir.1995).

Plaintiff alleges that Defendant is a private security guard who works for Geisinger Community Medical Center. (Doc. 1, p. 2, 6). Private security guards are not typically "state actors" under this analysis. In *Kach*, the Third Circuit found that a privately-employed school security guard was not a "state actor." *Kach*, 589 F.3d at 647-48 (concluding that plaintiff had presented no other evidence to

persuade the court that defendant, in his role as a privately-employed school security guard, was performing an exclusive government function, and thus she had not met her heavy burden of showing that he was a state actor under the first test.); *see also Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 158 (1978) ("While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'").

Here, Plaintiff claims that Defendant was a "state actor," but when asked to explain in the form, he recited the violations of federal law that he is claiming. (Doc. 1, ¶ 4). Defendant is a privately-employed security guard at Geisinger Community Medical Center. Plaintiff does not provide any evidence that Defendant is a state actor.

Further, as the complaint states, this did not occur while in prison. (Doc. 1, p. 5-6). Plaintiff is attempting to bring this cause of action, for violations of the Eighth Amendment and deliberate indifference, against a security guard at a hospital that is not located inside a prison. Plaintiff does not provide any evidence of a state affiliation. Further, the events at CMC Hospital occurred before Plaintiff was in custody. *Id.*

B. EMTALA CLAIM

Plaintiff asserts a violation of §1395dd(d)(2)(A) of the EMTALA against Defendant.

Under this civil enforcement provision:

> [a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, ***in a civil action against the participating hospital***, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C.A. § 1395dd (emphasis added).

Plaintiff did not name the hospital as a defendant.

The persuasive authority—as well as the plain language of the provision—guide that the EMTALA enforcement provision was intended to provide a private cause of action against hospitals only. Indeed, In the District of New Jersey, the court dismissed private EMTALA claims against a physician and a corporation involved with a hospital. *Davis v. Twp. of Paulsboro*, 424 F. Supp. 2d 773, 778, 2006 U.S. Dist. LEXIS 13307, *14-15 ("EMTALA only creates a private right of action against hospitals, not individual physicians and not private corporations, such as EPS, that are not hospitals and do not participate in Medicare.")

Other Circuits have reached the same conclusion. *See e.g.*, *Delaney v. Cade*, 986 F.2d 387, 393-94 (10th Cir. 1993) (We agree the plain language of the Act indicates individuals can bring civil actions only against participating hospitals.); *Brooks v. Md. Gen. Hosp., Inc.*, 996 F.2d 708, 710 n.2 (4th Cir. 1993) (Section 1395dd(d)(2)(A) of Title 42 of the United States Code limits private civil actions

under EMTALA, providing remedies only against hospitals.); *Moses v. Providence Hosp. and Med. Ctrs., Inc.*, 561 F.3d 573, 587 (6th Cir. 2009) (We agree with our sister circuits that EMTALA does not authorize a private right of action against individuals.); *King v. Ahrens*, 16 F.3d 265, 271 (8th Cir. 1994) (The plain language indicates that section 1395dd(d)(2)(A) creates a cause of action only against a participating hospital.); *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1256 (9th Cir. 1995)(The plain text of EMTALA explicitly limits a private right of action to the participating hospital.). The plain jurisprudence on this issue is that the EMTALA private cause of action applies only to hospitals—not their employees.

C. PLEADING REQUIREMENT

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F.App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is appropriate in "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)).

As pleaded, Plaintiff's claims cannot be sustained. Plaintiff fails to allege facts sufficient to raise a Section 1983 claim. Further, as the sole Defendant is an individual—not a hospital—the civil enforcement action under EMTALA does not provide relief against him.

After reviewing Plaintiff's Complaint, I conclude that it fails to state a claim upon which relief may be granted. Although Plaintiff's Complaint, as written, would typically be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I will grant Plaintiff one opportunity to cure the deficiencies noted herein before making a recommendation to the District Court.

IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1)   Plaintiff shall, if he chooses, file an amended complaint on or before **December 2, 2019**. Failure to file an amended complaint will result in a recommendation of dismissal of this case.

Plaintiff is placed on notice that any amended complaint must be complete in all respects; it must be a new pleading that complies with the requirements of the Federal Rules of Civil Procedure which stands by itself without reference to the complaint already filed. The amended complaint will completely replace the original complaint, therefore if Plaintiff chooses to file an amended complaint, the original complaint will have no role in the future of this case.

Date: November 1, 2019                                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge