**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICKEY JEFFERSON, 2ND,** | : |
| **Plaintiff** | : |
| | :     **CIVIL ACTION NO. 3:19-1390** |
| **v.** | :        **(JUDGE MANNION)** |
| **STEVEN BURTON,** | : |
| **CMC Security Guard, and** | |
| **COMMUNITY MEDICAL CENTER,** | : |
| **Defendants** | : |

## O R D E R

Pending before the court is the report of Magistrate Judge William I. Arbuckle which recommends that defendant Community Medical Center's ("CMC") motion to dismiss plaintiff's amended complaint be granted. (Doc. 33). No objections have been filed to the report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court

may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Plaintiff's remaining claim alleges a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395dd, against defendant CMC.[1] Specifically, plaintiff alleges that he suffers from mental health conditions, including schizophrenia and depression. He alleges that he ran out of his medications and was experiencing homicidal and suicidal thoughts. As a result, he sought care at defendant's facility. He alleges, however, that he was refused treatment. (Doc. 13).

Defendant filed the instant motion to dismiss plaintiff's amended complaint arguing that plaintiff failed to sufficiently allege personal harm under the EMTALA.[2] As discussed by Judge Arbuckle, the EMTALA provides, in relevant part:

(a)    Medical screening requirement

In the case of a hospital that has a hospital emergency department, if any individual . . . comes to the emergency department and a request is made on the individual's behalf for

---

[1] By order dated March 2, 2020, the court adopted a report by Judge Arbuckle recommending that all other claims and the only other defendant be dismissed. (Doc. 17, Doc. 21).

[2] Although plaintiff was given ample opportunity to respond (Doc. 29, Doc. 31), he has failed to file a brief in opposition to defendant's motion.

> examination or treatment for a medical condition the hospital
> must provide for an appropriate medical screening examination
> within the capability of the hospital's emergency department
> including ancillary services routinely available to the emergency
> department, to determine whether or not an emergency medical
> condition . . . exists.
>
> (b)    Necessary stabilizing treatment for emergency medical
> conditions and labor
>
> (1)    In General
>
> If any individual . . . comes to a hospital and the hospital
> determines that the individual has an emergency medical
> condition, the hospital must provide either –
>
> (A)    within the staff and facilities available at the hospital, for
> such further medical examination and such treatment as may be
> required to stabilize the medical condition, or
>
> (B)    for transfer of the individual to another medical facility in
> accordance with subsection (c) of this section.

42 U.S.C. §1395dd(a), (b).

In this case, the plaintiff has alleged both a screening and stabilization

claim in his amended complaint. However, the EMTALA also provides, in

relevant part:

> Any individual *who suffers personal injury* as a direct result of a
> participating hospital's violation of a requirement of this section
> may, in a civil action against the participating hospital, obtain
> those damages available for personal injury under the law of the
> State in which the hospital is located, and such equitable relief
> as is appropriate.

42 U.S.C. §1395dd(d)(2)(A) (emphasis added). In this respect, the plaintiff has failed to allege any personal injury as a result of defendant's alleged failure to properly screen or stabilize him. Without any claim of personal injury, the plaintiff fails to sufficiently state a claim under the EMTALA. On this basis, Judge Arbuckle determined that defendant's motion to dismiss should be granted and plaintiff's amended complaint be dismissed for his failure to state a claim upon which relief can be granted. The court has reviewed the report of Judge Arbuckle and finds no clear error of record. Further, the court agrees with the sound reasoning which led Judge Arbuckle to the conclusions in his report. As such, the court will adopt the report as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1)   The report and recommendation of Judge Arbuckle **(Doc. 33)** is **ADOPTED IN ITS ENTIRETY.**

(2)   The defendant's motion to dismiss **(Doc. 27)** is **GRANTED**.

4

**(3)** The plaintiff's amended complaint **(Doc. 13)** is **DISMISSED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 30, 2020**
19-1390-02